UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIE FRANK NELSON,

                                          DECISION AND ORDER

                    Petitioner,

                                        19-CV-6540L

          v.

DOCCS,

                    Respondent.
_____

      Petitioner, Willie Nelson ("Nelson"), was convicted after trial in Monroe County Court of kidnapping, rape and robbery stemming from his vicious attack on the female victim on November 5, 1993. On July 25, 1994, Nelson was sentenced to an aggregate term of imprisonment of 30-60 years. (SR. 1-31).[1]

      On December 30, 1996, the New York State Appellate Division reversed the convictions for kidnapping and assault, but otherwise affirmed the judgment of conviction. (SR. 100-101). That decision effectively reduced Nelson's sentence to 21 ⅔-50 years, which he is now serving. In March 1997 (SR. 102), the New York Court of Appeals denied leave to appeal.

      In 2003, six years after Nelson's conviction became final in state court, he filed a Petition, *pro se*, for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the Western District of New York (03-CV-6018). (SR 105-115).

      This Court entered a Decision and Order (SR. 181-184) on April 9, 2003 dismissing the Petition on the grounds that it was untimely having been filed several years after the one-year

---

[1] "SR." is the single-bound document consisting of the State Court record.

limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). The United States Court of Appeals for the Second Circuit denied a certificate of appealability and affirmed dismissal of the Petition as untimely on August 6, 2003. (SR. 185).

**SUCCESSIVE PETITION**

Now in 2019, 22 years after Nelson's state court conviction became final, and 16 years after this Court dismissed his first Petition as untimely, Nelson has filed this, a second or successive Petition, 19-CV-6540.[2] The Respondent, the Department of Corrections and Community Supervision ("DOCCS") has filed its Answer to the Petition together with a Memorandum of Law. The Respondent contends that since this is a successive petition, this Court lacks jurisdiction to entertain it, and the only remedy is to transfer the Petition to the United States Court of Appeals for the Second Circuit.

This Court agrees with Respondent. This very tardy Petition clearly constitutes a successive petition and, therefore, the Petitioner must seek leave from the Second Circuit to make such an application as required by 28 U.S.C. § 2244(b)(3)(A). The authority is clear that when a Petition has been filed with a district court, without obtaining proper leave, the proper procedure is to transfer the Petition to the appropriate Circuit Court of Appeals. This Court intends to do just that.[3]

---

[2] The Petition was originally filed in the Eastern District of New York but was transferred to the Western District of New York, the district within which Nelson was tried and convicted.

[3] In reply to the State's Answer, Nelson filed a document (Docket # 19) seeking several forms of ancillary relief in a 93-page filing. He seeks appointment of counsel and also some type of injunction to prevent destruction of documents he claims are being held improperly by DOCCS. He also seeks an injunction relating to certain prison employment compensation practices which he believes are improper. Such arguments, of course, have nothing whatsoever to do with a Petition for habeas corpus relief from his criminal conviction which became final in 1997.

## CONCLUSION

The Petition for Habeas Corpus relief filed in the District Court on July 3, 2019 (Docket # 1), without obtaining leave of the Second Circuit Court of Appeals, is hereby transferred to the Second Circuit for that Court to make a determination as to whether Petitioner should be granted leave to file a second or successive petition.

The Clerk of the Western District of New York should take steps to effect that transfer.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 7, 2020.